UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **SHARNA ALSTON**, | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| **COVERT EXECUTIVE PROTECTION ORGANIZATION CEPO LLC** | : |
| Please Serve: Robert Brotten<br>9301 Joshua Court<br>Manassas Park, VA 20111 | : |
| **ARTHUR L. ROBINSON** | : |
| Please Serve: Arthur L. Robinson<br>9301 Joshua Court<br>Manassas Park, VA 20111 | : |
| **ROBERT BROTTEN** | : |
| Please Serve: Robert Brotten<br>9301 Joshua Court<br>Manassas Park, VA 20111 | : |
| Defendants. | : **TRIAL BY JURY DEMANDED** |

# COMPLAINT

**(Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.)**

COMES NOW, the Plaintiff, SHARNA ALSTON ("**Ms. Alston**" or "**Plaintiff**"), by and through her undersigned counsel and moves this Honorable Court for judgment against the Defendants, Covert Executive Protection Organization CEPO, LLC ("**CEPO**"), Robert Brotten ("**Brotten**"), and Arthur Louis Robinson ("**Robinson**") (collectively "**Defendants**"), on the

1

grounds and praying for the relief hereinafter set forth:

**Parties**

1. Plaintiff, Ms. Alston, is a resident of the Commonwealth of Virginia, specifically residing in Winchester, Virginia.

2. Defendant, CEPO, is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business located in Prince William County, Virginia.

3. Upon information and belief, Defendant, Robinson, is an individual residing in Manassas Park, Virginia.

4. Robinson is a member, CEO and majority owner of CEPO.

5. Upon information and belief, Defendant Brotten, is an individual residing in Manassas Park, Virginia.

6. Brotten is a member and CFO of CEPO. All payroll decisions were handled contemporaneously by Brotten and Robinson.

7. Both Brotten and Robinson played an equal role in authorizing and/or denying payroll payments, tracking, and wage calculations.

**Jurisdiction and Venue**

8. This action is brought by Plaintiff for damages on account of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 201, et seq.; 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

10. Defendant is an enterprise with employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or

materials that have been moved in or produced for commerce by any person pursuant to 29 U.S.C. § 203.

11. Upon information and belief. Defendant has an annual dollar volume of $500,000 or more in sales made or business done pursuant to 29 U.S.C. § 203.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant transacted business in this district and maintain a principle place of business in this district.

## Statement of Facts

13. Ms. Alston was employed by CEPO from approximately October 2015 to February 2016 as an executive assistant to Robinson.

14. During this period, she worked at least five (5) days a week for at least forty (40) hours per day.

15. When she was hired, Ms. Alston was promised an annual salary of at least $100,000.00.

16. Plaintiff never received any payment, wages, reimbursement or other compensation during her four (4) month period of employment.

17. When Ms. Alston inquired as to why she had not received payment, Defendants repeatedly misrepresented facts and assured her that outstanding payments would be deposited soon.

18. However, Ms. Alston has never received any compensation at all.

## COUNT I
## Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

19. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

20. Defendant is a private business that, upon information and belief, is engaged in interstate commerce and have sales volume greater than $500,000 per year. Accordingly, Defendant is

covered by and must comply with the FLSA.

21. The FLSA mandates certain minimum standard of living requirements with regards to labor and employment.

22. Pursuant to 29 U.S.C.A. § 206, every employer is required pay to each of his employees at least minimum wage.

23. Upon information and belief, Ms. Alston worked approximately forty (40) hours per week between approximately October 2015 and February 2016. However, she was never paid any amount during this period.

24. Defendant's refusal to pay Ms. Alston was willful and in bad faith. Defendant should therefore also be required to compensate Ms. Alston in an amount equal to the lost regular and overtime pay as liquidated damages. 29 U.S.C. § 216(b).

25. Additionally, the FLSA requires that the Defendants compensate the Plaintiff for her attorney fees and costs in bringing this case.

## COUNT II
## Breach of Contract

26. The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

27. In return for her employment services as an executive assistant, CEPO agreed to pay Ms. Alston an annual salary of no less than $100,000.00.

28. Ms. Alston accepted employment with CEPO in reliance upon this agreement.

29. CEPO materially breached the terms of the parties' employment agreement by failing to provide any payment, at all, to Ms. Alston during her four (4) month period of employment.

30. This breach also constitutes a breach of the covenant of good faith and fair dealing.

31. Plaintiff fully performed all obligations under the agreement.

32. As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, plus court costs, and interest.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on her behalf against Defendant;

B. Award Plaintiff Ms. Alston compensatory damages and punitive damages;

C. Award Plaintiff Ms. Alston back pay for unpaid regular hours and unpaid overtime hours;

D. Award Plaintiff Ms. Alston her court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest at the rate of 8% per annum, pursuant to VA Code § 40.1-29(G);

E. Award Plaintiff liquidated damages pursuant for Defendant's willful violation of the FLSA; and

F. Grant such other relief as this Court may consider just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

SHARNA ALSTON,

 /s/ Zach Miller
Zach Miller (VSB No. 85860)
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326

Facsimile: (703) 828-0205
Email: zmiller@mcplegal.com
    dmcclanahan@mcplegal.com
*Attorneys for Plaintiff*