IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**SHARNA ALSTON**

      **Plaintiff**       Case No: 1:17-cv-00693

v.

**COVERT EXECUTIVE PROTECTION ORGANIZATION CEPO LLC et al.**

      **Defendants**

### ANSWER OF DEFENDANT ROBERT BROTTEN

Comes now your Defendant Robert Brotten ("Brotten") by Counsel and pursuant to Federal Rule of Civil Procedure 8(b) hereby submit this Answer to the Complaint filed in the above captioned case.

### Parties

1. Defendants are without sufficient information to admit or deny the residential status of the Plaintiff and therefore Denies the averments of paragraph 1 and demands strict proof thereof.

2. Admitted.

3. Defendants are without sufficient information to admit or deny the residential status of Defendant Robinson and therefore Denies the averments of paragraph 2 and demands strict proof thereof.

4. Admitted.

5. Admitted.

6. Admitted that Defendant Brotten is a member of CEPO. Denied that Brotten was the CFO of CEPO, Brotten was the COO of CEPO. Denied that decisions were handled by both Robinson and Brotten. Robinson was solely responsible for decisions for CEPO.

7. Denied, Arthur Robinson made all decisions regarding money and resources of CEPO.

### Jurisdiction and Venue

8. Paragraph 8 consists of a statement of law to which no response is required.

9. Paragraph 9 consists of conclusions of law to which no response is required.

10. Denied and strict proof thereof demanded. CEPO conducted business entirely within the Commonwealth of Virginia.

11. Denied and strict proof thereof demanded. Defendant CEPO has never had and annual dollar volume of $500,000 or more in sales or business.

12. Paragraph 12 consists of a conclusion of law to which no response is required.

### Statement of Facts

13. Denied and strict proof demanded.

14. Denied and strict proof demanded.

15. Denied and strict proof demanded.

16. Denied and strict proof demanded.

17. Denied as to any conversations alleged to have occurred with Brotten and strict proof thereof demanded. Brotten is without sufficient information or knowledge to admit or deny the content of any communications with Defendant Robinson.

18. Denied and strict proof demanded.

### COUNT 1
### Violation of the Fair Labor Standards Act ("FLSA"), 29 USC § 201, et. seq.

19. Paragraph 19 contains no allegations or averments requiring a response.

20. Denied. Defendant CEPO does not and never has had sales volume greater than $500,000.

21. Paragraph 21 consists of a conclusion of law to which no response is required.

22. Paragraph 22 consists of a conclusion of law to which no response is required.

23. Denied and strict proof demanded.

24. Denied that Defendants at any time acted in bad faith or with willfulness. The remainder of paragraph 24 is a conclusion of law to which no response is required.

25. Paragraph 25 consists of a conclusion of law to which no response is required.

## COUNT II
## Breach of Contract

26. Paragraph 26 contains no allegations or averments requiring a response.

27. Denied and strict proof demanded.

28. Defendants are without sufficient information to either admit or deny the allegations made in paragraph 28 and therefore Deny all allegations contained therein and demand strict proof thereof.

29. Denied and strict proof thereof demanded.

30. Paragraph 30 consists of a conclusion of law to which no response is required. To the extent paragraph 30 could be construed to contain allegations requiring a response all such allegations are Denied and strict proof thereof demanded.

31. Denied and strict proof thereof Demanded.

32. Denied and strict proof thereof Demanded.

The remainder of Plaintiff's Complaint consists of Plaintiff's prayer for relief and jury demand to which no response is required. To the extent the remaining statements in the

Complaint could be construed to contain allegations requiring a response, all such allegations are Denied and strict proof thereof demanded.

### Defenses

In addition to the admissions and denials outlined above, Defendants assert the following affirmative and negative defenses:

1. Defendant CEPO is not an "[e]nterprise engaged in commerce or in the production of good for commerce" as defined by 29 USC § 203(s)(ii). Specifically, CEPO does not and has at no time had an annual gross volume of sales in the amount of $500,000 or more.

2. Defendant CEPO has, at no time, engaged in Commerce as defined in 29 USCS § 203(b). Specifically, Defendant CEPO has not engaged in any business activities "among the several States or between any State and any place outside thereof." CEPO's business activities have been entirely confined to the State of Virginia.

3. At no time relevant did Robert Brotten have the power to hire and fire employees; supervise or control employee work schedules or conditions of employment; determine the rate and method payment; nor maintained employment records.

4. At all times relevant the operation and control of CEPO was controlled entirely by Arthur Robinson.

WHEREFORE, Defendant Robert Brotten prays that judgment be entered in his favor, that Plaintiff take nothing, and that Defendant be awarded costs and such other relief which the court may deem appropriate.

### DEMAND FOR JURY TRIAL

Defendant Brotten respectfully demands a jury on all issues so triable.

        Respectfully Submitted
        ROBERT BROTTEN
        By Counsel

     */s/ Daniel F. Izzo*
     T. Wayne Biggs (VSB No. 41281)
     Daniel F. Izzo, Esq (VSB No. 80507
     Dycio & Biggs
     10533 Main Street
     Fairfax, VA 22030
     703-383-0100
     703-383-0101 (fax)
     twbiggs@dyciolaw.com
     dizzo@dyciolaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 24th day of October, 2018 I caused true and accurate copy of the foregoing Answer to be served upon the following via the ECF filing system which will send a notice of filing to the following:

**Zach Miller, Attorney**
McClanahan Powers, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Phone: (703) 520-1326
Fax: (703) 828-0205
zmiller@mcplegal.com
*Counsel for Plaintiff Sharna Alston*

I further certify that I served via first-class mail postage pre-paid a copy upon the following non ECF registered users:

**Covert Executive Protection Organization CEPO LLC**
c/o Arthur Louis Robinson
Registered Agent
9301 Joshua Ct
Manassas Park, VA 20111

**Arthur Louis Robinson**
9301 Joshua Court
Mansassas Park, VA 20111

                                              */s/ Daniel F. Izzo*
                                              Daniel F. Izzo